# UNITED STATES DISTRICT COURT
for the
## Western District of Kentucky
Owensboro Division

| | |
|---|---|
| James T. Freshour )<br>　　*Plaintiff* )<br> )<br>v. )<br> )<br>Portfolio Recovery Associates, Inc. )<br> ) | Case No.　4:11cv-130 M |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.　This is an action by a consumer seeking damages and declaratory relief for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

2.　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.　Plaintiff, James T. Freshour, is a natural person who resides in Daviess County, Ky. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.　Defendant, Portfolio Recovery Associates, Inc. ("PRA") is a Virginia corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd, Norfolk, VA 23502.

5.　PRA regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are each "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. PRA engaged in a campaign of debt collection abuse aimed at Mr. Freshour.

7. On September 29, 2011, PRA began harassing Mr. Freshour by repeated telephone calls in attempt to collect an alleged debt, which the person calling on behalf of PRA refused to identify or explain.

8. The first call came at 8:41 a.m. on 9/29/11 and the next came at 6:38 p.m. the same day.

9. The next harassing calls by PRA to Mr. Freshour attempting to collect this unidentified are as follows:

| | |
|---|---|
| October 1, 2011 | 8:34 a.m. |
| October 3, 2011 | 10:26 a.m. and 7:26 p.m. |
| October 6, 2011 | 11:15 a.m. and 6:54 p.m. |
| October 9, 2011 | 5:20 p.m. |
| October 12, 2011 | 4:20 p.m. and 8:52 p.m. |

10. On October 7, 2011, Mr. Freshour first contacted attorney James H. Lawson in attempt to stop PRA's harassment and abuse.

11. On October 12, 2011, Mr. Freshour again contacted Mr. Lawson.

12. After consulting with Mr. Freshour, Mr. Lawson immediately phoned PRA using the telephone number for PRA provided by Mr. Freshour: 888-772-7326.

13. In the conversation with PRA, Mr. Lawson told the person over the phone that he represented Mr. Freshour and that PRA should stop contacting Mr. Freshour about the alleged debt.

14. In the phone conversation, Mr. Lawson also asked the PRA agent or representative to validate the alleged debt.

15. The PRA agent or representative told Mr. Lawson that he had to notify PRA in writing that he represented Mr. Freshour and for the debt validation. The PRA agent or representative also told Mr. Lawson that this written demand/request should be faxed to 702-636-4651.

16. Mr. Lawson faxed a debt-validation and cease-and-desist letter to PRA on October 12, 2011 at 7:42 p.m. (a copy of the faxed letter to PRA dated 10/12/11 is attached as Exhibit "A," and a copy of the call log verifying that the fax was successfully sent is attached as Exhibit "B").

17. Mr. Lawson mailed the debt-validation and cease-and-desist letter to PRA the

next day on October 13, 2011. *See* Exhibit "B."

18. The debt-validation and cease-and-desist letter clearly and plainly informed PRA that Mr. Freshour was represented by counsel. *See* Exhibit "B."

19. The debt-validation and cease-and-desist letter clearly and plainly stated:

> I also expect and demand that you cease and desist from any further contact directly with Mr. Freshour and that any further contact is made to me directly as Mr. Freshour's counsel.

20. Despite the fax and the letter, PRA continued to harass Mr. Freshour calling him again about the unidentified debt on the following dates and times:

| | |
|---|---|
| Oct. 14, 2011 | 8:20 a.m. |
| Oct. 18, 2011 | 11:33 a.m. and 7:23 p.m. |
| Oct. 21, 2011 | 9:56 a.m. |

21. Mr. Freshour emphatically disputes the validity of the alleged, unidentified debt, which is the subject of PRA's abusive and harassing debt-collection campaign against Mr. Freshour.

22. PRA's abusive and harassing debt-collection campaign against Mr. Freshour has caused Mr. Freshour emotional distress and physical anxiety.

## CAUSE OF ACTION

**I.   Violations of the Fair Debt Collection Practices Act**

23. The foregoing acts and omissions of Portfolio Recovery Associates, Inc. constitute violations of the FDCPA, including, but not limited to:

> **(a)** PRA violated 15 U.S.C. 1692d(5) by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" by "[c]ausing [Mr. Freshour's] telephone to ring or engaging [Mr. Freshour] in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass [Mr. Freshour] at the called number.";
>
> **(b)** PRA violated 15 U.S.C.A. § 1692c(a)(2) by continuing to call Mr. Freshour about the alleged, unidentified debt after being put on clear written and unequivocal notice that **(1)** Mr. Freshour was represented by counsel and the name, address, email address, and telephone and fax numbers for Mr. Freshour's counsel; and **(2)** that Mr. Freshour's counsel did not consent to the contact; and

      **(c)**  PRA violated 15 U.S.C.A. § 1692c(c) by continuing to call Mr. Freshour about the alleged, unidentified debt after receiving a clear and unequivocal written notice to cease and desist further communications with Mr. Freshour.

## II.     Intentional Infliction of Emotional Distress

      24.     Portfolio Recovery Associates, Inc. intentionally and repeatedly telephoned Mr. Freshour about the alleged and unidentified debt.

      25.     The repeated and continuous telephoning of Mr. Freshour, including phone calls after Mr. Freshour's compliance with PRA's own instructions concerning the means and method of directing PRA to cease and desist further communication constitutes outrageous and intolerable conduct.

      26.     PRA's continuous abusive and harassing telephone calls to Mr. Freshour concerning the alleged, unidentified debt directly caused Mr. Freshour to suffer extreme and severe emotional distress and anxiety.

### PRAYER FOR RELIEF

      **WHEREFORE**, Plaintiff, James Freshour, requests that the Court grant the following relief:

      1.     Award Plaintiff actual damages;

      2.     Award Plaintiff statutory damages;

      3.     Award Plaintiff punitive damages;

      4.     Award Plaintiff reasonable attorney's fees;

      5.     Award Plaintiff costs;

      6.     Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted

**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
502-245-9100
Email: ken@kennethhenrylaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: hayslawson@insightbb.com